ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2021-Jan-22 16:00:37
60CV-21-589
C06D16 : 9 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## CIVIL DIVISION

**BILLY LOVELACE**                                                          **PLAINTIFF**

**VS.**                                       **NO. _____**

**SYSCO CORPORATION**                                       **DEFENDANT**

### COMPLAINT

Comes now the Plaintiff, Billy Lovelace, by and through his attorneys David Hodges and Ben Honaker, and for his cause of action against the Defendant, states:

### JURISDITON AND VENUE

1. The Circuit Court of Pulaski County, Arkansas, has jurisdiction of this case because of the fact the Plaintiff is seeking relief against the Defendant in this civil proceeding, thereby giving this court jurisdiction under Ark. Code Ann. § 16-13-201.

2. The Plaintiff is a resident of Pulaski County, Arkansas, and the events that give rise to the claim occurred in Pulaski County, Arkansas. Thus venue is proper pursuant to the general venue statute Ark. Code Ann. § 16-60-101.

## PARTIES

3. The Plaintiff, at the time of his termination, was a resident of Little Rock, Pulaski County, Arkansas 72211.

4. Defendant Sysco Corporation is a foreign for profit corporation headquartered in Houston, TX. The registered agent for this Defendant is Corporation Service Company, 300 S. Spring Street, 300 Spring Building, Suite 900, Little Rock, AR 72201.

5. Defendant Sysco is located at 5800 Frozen Road, Little Rock, AR 72209.

## FACTUAL BACKGROUND

6. Plaintiff was an employee for Defendant between July 2017 and March 2020.

7. On or about January, 2020, Plaintiff began to feel tired for most of the day and his joints were hurting.

8. On February 13, 2020, Plaintiff visited a general practitioner, Dr. Kenneth Johnston, because he began to notice knots and rashes on his body.

9. Dr. Johnston noticed Plaintiff's symptoms, but the tests he conducted came back inconclusive. Dr. Johnston recommended a Rheumatoid specialist, Dr. Houk.

10. Plaintiff visited Dr. Houk on February 21, 2020. Dr. Houk diagnosed Plaintiff with Sarcoidosis a week later after getting back Plaintiff's test result.

11. Sarcoidosis is a disease in which tiny collections of inflammatory cells growing in any part of the body. The typical symptoms of this disease are fatigue, pain, and swelling in the joints.

12. Dr. Houk prescribed Plaintiff the medications of Mycophenolat and Prednisone for his diagnosis of Sarcoidosis.

13. Three to five days after beginning to take the medication, Plaintiff began to feel the side effects of the medication. As a result, he wanted someone to take over his driving route in order to see his doctor about the side effects. However, he was unable to find anyone to take over his route.

14. Plaintiff was suspended from work on March 6, 2020 for not scanning in bananas as returns.

15. Plaintiff then decided to see Dr. Houk on March 6, 2020 to visit with him about his medication and his symptoms.

16. Dr. Houk told Plaintiff that he needed to take time off of work due to the symptoms he was experiencing. Dr. Houk told Plaintiff that he would send the Family and Medical Leave Act documents to Defendant once they

sent him the proper documents to fill out and return. Dr. Houk was able to send in those documents on March 20, 2020.

17.     Plaintiff has not worked at Defendant since March 6, 2020.

18.     On March 19, 2020, Plaintiff received a call from his supervisor, Doug Kelly. This call was on speaker and other supervisors were listening in on the conversation. Doug Kelly told Plaintiff: "Since you filed FMLA and due to the Coronavirus there are not enough salary funds so you will be terminated from employment."

19.     Plaintiff has reason to believe that he was terminated because his employers did not believe he was sick, since the termination call occurred one day before Dr. Houk was able to return the FMLA documents to Defendant.

20.     One of plaintiff's co-workers was only furloughed rather than terminated as a result of the loss of salary funds due to Coronavirus, despite Plaintiff being at the company for a longer period of time and seniority was usually regarded first by the Defendant before anything else.

21.     Plaintiff called the Human Resources department at Defendant Sysco multiple times between March 20 and March 27 of 2020, but received no answer. Plaintiff needed to call Human Resources to get authorization for FMLA.

22. On March 27, 2020, Plaintiff called Doug Kelly to ask if he was still terminated. Doug Kelly told him to discuss the matter with the Human Resources department.

23. Plaintiff received a letter in the mail, dated March 27, 2020, stating he was terminated as of that date pursuant to the phone call he had with Doug Kelly on March 19, 2020. The letter also stated that he would be paid for all of his remaining vacation time and permitted sick leave until April 10, 2020.

24. Plaintiff texted Doug Kelly about two dollies owned by Plaintiff on April 22, 2020, that were still located at Defendant's facility. Doug Kelly told Plaintiff that he would set up a router to meet him at the security gate to get the dollies. Plaintiff has not heard back from Doug Kelly or Defendant about his property.

25. Plaintiff has not received any payment for his vacation days that he had remaining, even though the letter dated March 27, 2020 stated he would receive payment by April 10, 2020.

26. Plaintiff filed an EEOC claim and received a right to sue letter from the US Equal Employment Opportunity Commission.

## COUNT I

27. As a cause of action and ground for relief, Plaintiff alleges the factual matters described in paragraphs 1 through 26 inclusive, of the Complaint as a part of this Count.

28. Defendant is a "covered entity" and an "employer" within the meaning of 42 U.S.C. § 12111.

29. Plaintiff has a disability within the meaning of 42 U.S.C. § 12102.

30. Plaintiff suffered an adverse employment action, namely termination, on the basis of his disability.

31. Plaintiff suffered emotional pain and suffering, inconvenience and mental anguish based on Defendant's violation of his rights under the ADA and he is entitled to recover compensatory damages for the same under the ADA.

32. Plaintiff is entitled to reinstatement, back pay, future pay, all allowable compensatory damages, punitive damages, attorney fees, costs, and injunctive relief under the ADA.

## **COUNT II**

33. As a cause of action and ground for relief, Plaintiffs allege the factual matters described in paragraphs 1 through 32 inclusive, of the Complaint as a part of this Count.

34. Defendant is an "employer" under the meaning set forth in Ark. Code. Ann. § 16-123-102.

35. Plaintiff has a disability under the meaning set forth in Ark. Code Ann. § 16-123-101.

36. Defendant violated Plaintiff's rights under Ark. Code Ann. § 16-123-101 et seq.

37. Specifically, Defendant violated Ark. Code. Ann. § 16-123-107, which states that the right of an otherwise qualified person to be free from discrimination because of the presence of a physical disability is a state civil right. This right includes the right to obtain and hold employment without discrimination.

38. Defendant violated Ark. Code. Ann. § 16-123-107 by terminating Plaintiff's employment based on Plaintiff's disability.

39. Under Ark. Code. Ann. § 16-123-101 et seq., Plaintiff is entitled to back pay, interest on back pay, compensatory and punitive damages, litigation costs, and attorney's fees.

## RELIEF SOUGHT

33. Plaintiff Billy Lovelace is entitled to back pay, interests, benefits and costs, compensatory damages, punitive damages, and attorney's fees

34. Plaintiff demands judgment against the above-named Defendant for a sum in excess of the minimum jurisdictional requirements of Federal Court, costs and all other relief to which the Plaintiff may be entitled.

## JURY DEMAND

35. Plaintiffs, pursuant to Rule 38 of the Arkansas Rules of Civil Procedure, demand a jury trial on all factual issues.

BILLY LOVELACE, PLAINTIFF

By: _____
DAVID A. HODGES
Attorney at Law
212 Center Street, Fifth Floor
Little Rock, AR 72201-2429
Arkansas Bar No. 65021
Telephone: 501-374-2400
Facsimile: 501-374-8926
Email: david@hodgeslaw.com

AND

**BEN HONAKER**
Honaker Law
124 W. Capitol, Suite 1900
Little Rock, AR 72201
Arkansas Bar No.
Telephone: 501-247-6975
Email: ben@benhonakerlaw.com